Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Tiffany G. Jensen, Esq. (SBN: 256842)
tiffany@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff
Diane Cleary

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANE CLEARY,**<br><br>                          Plaintiff,<br><br>v.<br><br>**GCFS, INC.,**<br><br>                          Defendant. | **CASE NO:**<br>**08 CV 2241 DMS POR**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

Complaint — 1 of 9 —

       collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Diane Cleary, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of GCFS,Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391(c).

### PARTIES

10. Plaintiff is a natural person who resides in the City of Poway, County of San Diego, State of California.

11. Defendant is from the City of Paso Robles, the County of San Luis Obispo, and the State of California.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California.

19. Sometime before December 2007, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before January 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before January 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. Sometime between December 2007 and January 2008, Defendant mailed a dunning letter to Plaintiff, which Plaintiff subsequently received.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. A copy of Defendant's letter was sent to both Plaintiff's home and Plaintiff's place of employment. After receiving both letters from Defendant, Plaintiff contacted Defendant regarding the alleged debt. Plaintiff contacted Bruce White and left a detailed voicemail message. In her message, Plaintiff asked Defendant to refrain from sending any correspondence to her place of employment. Plaintiff also requested a detailed accounting of the alleged charges on Plaintiff's account.

28. Plaintiff received no response from Bruce White, nor from any other of Defendant's representatives regarding her voicemail message. Defendant also failed to provide Plaintiff with an accounting of her alleged charges.

29. On or around April 8, 2008, Defendant sent another letter to Plaintiff regarding the alleged debt. Defendant again sent a letter to Plaintiff's residence as well as Plaintiff's place of employment, despite her earlier request.

30. By sending this letter Defendant communicated with Plaintiff in connection with the collection of a debt at her place of employment when such a communication was not necessary to the collection of the alleged debt, and Defendant knew or had reason to know that the Plaintiff's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3), and Cal. Civ. Code § 1788.12(a).

31. In Defendant's April 8, 2008, letter it stated ["Under Cal. Civ. Code § 1788.21(a) you are required to notify GCFS, Inc. of any changes in your name, address or employment."] This communication by Defendant was a false, deceptive, or misleading representation in connection with the debt collection as Plaintiff is not a "creditor" or proposed creditor as defined by Cal. Civ. Code § 1788.2(i), and as such is a violation of 15 U.S.C. § 1692(e).

32. On April 10, 2008, Plaintiff contacted Brent Peterson and left a voicemail message instructing Defendant to refrain from sending any correspondence to

Plaintiff's place of employment, Plaintiff, again, requested a detailed accounting of the alleged charges. Defendant failed to respond to her second request.

33. Subsequently, Plaintiff received a letter from Defendant dated July 22, 2008. Defendant's letter stated a lawsuit had been filed against Plaintiff regarding the alleged debt, and demanded payment of the alleged debt. Defendant's letter instructed Plaintiff to contact Defendant to avoid future wage garnishments, vehicle levies, or liens against property.

34. Through this conduct, Defendant represented or implied that nonpayment of any debt would result in, garnishment, attachment, or sale of property or wages of a person when such action was not lawful, and Defendant did not intended to take such action. Consequently, Defendant violated 15 U.S.C. § 1692e(4). Because this action violated Fair Debt Collection Practices Act it also violated Rosenthal Fair Debt Collection Practices Act, through Cal. Civ. Code § 1788.17.

35. On July 25, 2008, Plaintiff wrote a letter to Mark McDowell stating that she had twice contacted Defendant and demanded it refrain from sending correspondence to Plaintiff's place of employment. Plaintiff also informed Mark McDowell that she had twice requested a detailed accounting of the alleged debt, but Defendant failed to respond to either.

36. Plaintiff received no response to her July 25, 2008, letter to Defendant. Defendant also failed to provide Plaintiff with a detailed accounting of the alleged debt. Plaintiff then contacted Defendant on August 9, 2008, and spoke to Defendant's representative Gregory Cross. Gregory Cross abused and harassed Plaintiff by saying, "... you will be dead before you could pay off the balance due," and, "everyone has to take care of their children, that is no excuse not to pay your bills."

37. Plaintiff then asked Gregory Cross about Defendants threat to garnishing her wages. Plaintiff informed Gregory Cross that she would lose her job if this happened. Gregory Cross responded, "Well, that may be just what is going to happen. I am suppose to help you but I am not going to help you. You have been *served*." (emphasis added) This statement confused Plaintiff because Plaintiff had, in fact, not yet been served by Defendant.

38. Defendant's conduct was a false representation or implication that documents were legal process. Consequently, Defendant violated 15 U.S.C. § 1692e(13).

39. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

40. Further, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

41. Because this action violated Fair Debt Collection Practices Act it also violated Rosenthal Fair Debt Collection Practices Act, through Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from defendant, as follows:

//
//
//
//
//
//
//

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

48. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

49. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

50. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

51. An award of actual damages pursuant to California Civil Code § 1788.30(a);

52. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

53. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: _____

HYDE & SWIGART

By: _____
Tiffany G. Jensen
Attorneys for the Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diane Cleary,

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

## DEFENDANTS
GCFS, Inc.,

08 DEC -3 PM 12:50

County of Residence of First Listed Defendant  San Luis Obispo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 2241 DMS POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.C.S § 1692 et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  11/20/08

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 157668  AMOUNT $350  APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

MB 12/24/08

**ORIGINAL**

CR

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 157668      - MB

      December 04, 2008
           13:35:08


        Civ Fil Non-Pris
USAO #.: 08CV2241 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: 2707



      Total->   $350.00


FROM: DIANE CLEARY VS GCFS INC
```