Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


Attorneys for Plaintiff
Diane Cleary

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Diane Cleary | Case No: 08-CV-2241 DMS POR |
|---|---|
| Plaintiff, | Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant To Fed. R. Civ. P.  12(b)(3) |
| v. | |
| GCFS, Inc. | Date: April 3, 2009 |
| Defendant. | Time: 1:30 PM |
| | Location: Courtroom 10, Federal Courthouse, San Diego, CA 92101 |
| | Judge:  Honorable Dana M. Sabraw |

## I. INTRODUCTION

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") are designed to protect consumers from illegal debt collection practices. Congress and the California legislature have recognized that abusive, deceptive, and unfair debt collection practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."[1] The Federal Trade Commission ("FTC") recently noted that such practices "cause substantial consumer injury, including payment of amounts not owed, unintended waivers of rights, invasions of privacy, and emotional distress."[2] Illegal collection practices can also place consumers deeper in debt.[3]

On December 3, 2008, Plaintiff filed an action against the defendant for numerous violations of the FDCPA and the Rosenthal Act in which she alleges that "at all times relevant to this matter" she resided in the County of San Diego and that during that time, the defendant mailed letters to her at her home in San Diego,[4] and to her place of employment, also in San Diego.[5] The defendant spoke with the Plaintiff at her home in San Diego. These communications, and the conduct surrounding them, all of which took place in the County of San Diego, are the subject of this lawsuit. The defendant made threats to the plaintiff, including comments about how the plaintiff would one day "die" and how the plaintiff's

---

[1] 15 U.S.C. § 1692(a), and through incorporation under the Rosenthal Act pursuant to Cal. Civ. Code § 1788.17.

[2] FTC Annual Report 2008: Fair Debt Collection Practices Act, Introduction, page 1. Available at http://www.ftc.gov/os/2008/03/P084802fdcpareport.pdf

[3] Id.

[4] Plaintiff's Complaint, ¶¶ 24, 27, 29, and 33.

[5] Plaintiff's Complaint, ¶ 17.

claim that she wanted to care for her children was just an "excuse" to avoid paying her debts.  The defendant also falsely stated to the plaintiff, an unsophisticated consumer ignorant as to intricacies of litigation, that she had now been "served." All of this happened in San Diego, and all of this was illegal.  Subsequently, the defendant actually sued the plaintiff <u>in San Diego County Superior Court</u>.[6]  All of this activity took place in San Diego, and, consequently, Plaintiff alleged in her Complaint that venue was proper in the Southern District of California.  However, the defendant now claims the plaintiff filed her Complaint in an improper venue.

## II.  ARGUMENT

### 1. Defendant supports its argument through a truncation of 28 U.S.C. § 1391(b).

In its Motion, Defendant argues that the proper venue for this action is the United States District Court for the Central District of California.[7]  To support this position the defendant crops the language of 28 U.S.C. § 1391(b) in a way that gives the impression it says something it does not say.  In its Motion, on page 2, lines 16-19, the defendant states that "28 U.S.C. § 1391(b) clearly states:"

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district **where** any **defendant resides**, if all defendants reside in the same State…" 28 U.S.C. § 1391(b) [emphasis provided]

---

[6] See Declaration of Robert L. Hyde, attached.

[7] Defendant's Motion, page 2, lines 14 - 25.

The bold face in this quote is the defendant's, and the defendant adds an ellipsis to the paragraph, giving the impression that this is the only option available to the plaintiff. The Defendant ends its Motion with:

> Therefore, the appropriate venue for this case would have been 'a judicial district where any defendant resides.' (28 U.S.C. § 1391(b)). Since there is no defendant residing in this judicial district, this case should be dismissed, as venue is improper.

However, what 28 U.S.C. § 1391(b) *actually* states is:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, <u>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated</u>, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (Underscore Added)

Notwithstanding Defendant's convenient manipulation of the Rule, Plaintiff has multiple options under 28 U.S.C. § 1391, including in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, *everything* took place in San Diego County. All letters were mailed to and received by the plaintiff in San Diego.[8] Plaintiff's employer, where the defendant contacted the plaintiff, is in San Diego. The defendant eventually even sued the plaintiff claiming a breach of contract, <u>in San Diego County</u>.[9]

---

[8] See Declaration of Plaintiff Diane Cleary, attached, ¶¶ 3-7.

[9] See Declaration of Robert L. Hyde, attached.

In deciding Fed. R. Civ. P. 12(b)(3) motions, federal courts generally give considerable deference to plaintiff's choice of forum. *Terra Int'l Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) ("in general, federal courts give considerable deference to a plaintiff's choice of forum").

**2. The proper venue for this action is the Southern District.**

In *Paradise v. Robinson & Hoover*, 883 F. Supp. 521, 524 (D. Nev. 1995), the court held that in actions involving the FDCPA, the federal district where the consumer received the collection letter which formed the basis of the action against the debt collector which sent debt collector is the proper venue because, under 28 USCS § 1391(b)(2), venue is proper if substantial part of events giving rise to claim occurred in judicial district. As the court noted:

> Moreover, the Court need not spend much time addressing the [Defendant's] venue arguments as they are based upon the same misreading of Plaintiff's Complaint as previously mentioned. Suffice it to say that venue is proper if a "substantial part of the events … giving rise to the claim" occurred in the judicial district. See 28 U.S.C. § 1391(b)(2). Because "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection practices Act," *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992), the district where a communication is received is a proper venue under subdivision (2) of section 1391(b). *Id.* at 866-867. See also *[Russey v. Rankin, 837 F. Supp. 1103, 1105 (D.N.M. 1993)]*, (venue proper in New Mexico where defendant's letter which formed the basis of the plaintiff's claim was purposefully sent to and received in New Mexico); *Murphy v. Allen County Claims and Adjustments, Inc.*, 550 F. Supp. 128 (S.D. Ohio 1982) (venue proper in both Northern and Southern Districts of Ohio where letters on which claim was based were sent from Northern District and received in Southern District).

Further, it is axiomatic that when persons are being harassed by debt collectors, those persons are often financially distressed. To impose on Plaintiff the costs related to bringing this action in another venue would be to impose an undue

1 hardship that could well deny Plaintiff her day in court. In *Gonsalves v. Nat'l Credit Sys., Inc.*, 1990 U.S. Dist. LEXIS 20944, the United States District Court for the District of Connecticut found that an appropriate venue under 28 U.S.C. § 1391(b) for an FDCPA claim is the district where the injury occurred, or where the communication was received, and that transfer to the venue of the debt collector would be inconvenient to the consumer and was denied.

Plaintiff's counsel has researched the case law regarding 28 U.S.C. § 1391, and can find no case in which any court found that the proper venue in an FDCPA case to be anywhere but where the consumer resided when the illegal communications took place,[10] and notes that Defendant supplies no such citation. The proper venue here falls within 28 U.S.C. § 1391(b), and Plaintiff has chosen the Southern District, as is her right.

### 3. Defendant does not explain why there is any inconvenience here.

28 USC § 1404(a) was not intended to defeat a plaintiff's right of bringing his action in such forum as he deemed proper, and wherever possible, consideration ought to be given to choice of his forum. *Walter v Walter* 235 F Supp 146 (WD PA, 1964). Any showing by Defendant as to inconvenience must be a strong one. *West Publ. Corp. v Stanley* 20 BNA IER Cas 1463 (DC MN 2004) (Federal court in Minnesota was proper venue for dispute involving non-resident, former employee of Minnesota-based publishing company who violated non-competition agreement; court would not transfer venue to California, even though employee and his witnesses were located there, where employee failed to demonstrate that balance of factors "strongly" favored transfer.)

Modern means of transportation and availability of motion for transfer under 28 USCS § 1404 in case of extreme inconvenience have obviated need for strict venue rule based on theory of geographic hardship to defendant. *Arnold v. Smith Motor Co., 389 F. Supp. 1020 (ND Iowa, 1974)*. As the Court no doubt knows,

---

[10] See Declaration of Robert L. Hyde, attached, ¶ 4.

Orange County is right next door.  The distance between the court Defendant prefers, the Federal Courthouse in Santa Ana, and the Federal Courthouse in San Diego, is less than 90 miles.  This is not enough to demonstrate any inconvenience as Defendant never explains why such a distance might be inconvenient.  *Wayne Pigment Corp. v Halox & Hammond Group, Inc.* 220 F Supp 2d 931 (ED WI 2002) (Defendants' motion to transfer venue under FRCP 12(c) was denied where defendants did not show that transfer to their proposed forum 115 miles away would be more convenient for both parties and their witnesses.)  Further, under Fed. R. Civ. P. 45(b)(2)(B), Plaintiff can subpoena these witnesses into San Diego, if he likes.  These witnesses would still be exposed to the same "inconvenience," and the fee charged by Amtrak to travel from Santa Ana to San Diego is twenty-one dollars.[11]  Defendant greatly exaggerates any "inconvenience" that might exist. Further, such an inconvenience would exist as well for Plaintiff and his witnesses if Defendant's request was granted.

      Here, Defendant merely *says* this forum is inconvenient.  Why that would be goes unexplained.  Further, in the past, Defendant sued Plaintiff *in San Diego* and never claimed inconvenience at that time.

---

[11] See Declaration of Robert L. Hyde, attached, ¶ 5.

### III. CONCLUSION

This Motion by the defendant should be denied. It should never have been filed. Motions of this type waste the Court's time as well as that of Plaintiff's counsel, and the plaintiff reminds the defendant of a wise comment made by the Fifth Circuit in another consumer rights action:

> "The [consumer's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost." *McGowan v. King, Inc.* 661 F.2d 48, 51 (5th Cir. 1981)

Respectfully submitted,

Date: March 13, 2009              **Hyde & Swigart**

                                  By: _/s/Robert L. Hyde_
                                      Robert L. Hyde
                                      Attorneys for the Plaintiff